D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiff and proposed
FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

**SELMA KAYALAMAR, on behalf of herself
and others similarly situated,**

              **Plaintiff,**

        **v.**

**EL SAYED 1 CORP. d/b/a HORUS CAFÉ
ON AVENUE B, MOHAMED ELSAYED,
and ASHRAF SADEK,**

              **Defendants.**

-----------------------------------------------------------x

CASE NO.

**COMPLAINT**

**FLSA COLLECTIVE ACTION
DEMAND FOR JURY TRIAL**

Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

    1.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

    2.    Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. Defendant EL SAYED 1 CORP. is a New York Corporation that owns and operates Horus Café on Avenue B ("Horus") in the Lower East Side neighborhood in Manhattan.

4. Defendant EL SAYED 1 CORP. has an annual gross volume of sales in excess of $500,000.

5. Defendant Ashraf Sadek is the manager at Horus.

6. Defendant Ashraf Sadek hires and fires employees at Horus. For example, he fired Plaintiff.

7. Defendant Ashraf Sadek sets employees' schedules at Horus and is responsible for paying employees.

8. Defendant Mohamed El Sayed owns Horus.

9. Defendant El Sayed frequents Horus regularly when he is in the United States.

10. Defendant El Sayed stays abreast of the restaurant's ongoing activities through regular discussions in person and by phone with Defendant Sadek.

11. Defendant El Sayed has ultimate authority over all issues in the restaurant, including hiring and firing of employees, payroll, scheduling, and maintenance of payroll records.

12. Plaintiff was employed by Defendants as a server for over two years until February 2018.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all service employees, other than service

managers, employed by Defendants on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective").

14. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15. The First Claim for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## FACTS

16. Plaintiff's consent to sue form is attached hereto as Exhibit A.

17. Plaintiff worked well in excess of 40 hours per week.

18. Specifically, Plaintiff worked 5-7 dinner shifts per week.

19. Dinner shifts began at either 6:00 p.m. or 7:00 p.m. and ended after 4:00 a.m., when the restaurant closed.

20. Defendants did not pay Plaintiff any hourly rate at all.

21. Instead, Defendants distributed to Plaintiff and other servers part of an 18% service charge that they collected from customer.

22. Defendants retained 35-40% of the service charges that they charge customers.

23. Defendants did not pay Plaintiff New York's "spread of hours" premium when her workday lasted longer than 10 hours, which was often.

24. Defendants did not give Plaintiff the written wage notices required by N.Y. Lab. Law § 195 and/or N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2.

25. Plaintiff was not given any wage statements with her pay.

26. Defendants committed the foregoing acts against Plaintiff and the FLSA Collective Plaintiffs, and the FLSA Collective Members.

### FIRST CLAIM FOR RELIEF
### FLSA Overtime Violations, 29 U.S.C. § 207
### (Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)

27. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

28. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

29. Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek and continue to do so.

30. At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Class members at one-and-one-half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records

required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

31. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### New York State Minimum Wage Act, New York Labor Law § 650 *et seq.*
**(Brought by Plaintiff on Behalf of Herself and the FLSA Collective Members)**

32. Plaintiff, on behalf of herself and the FLSA Collective Members, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

33. Defendants knowingly paid the Plaintiff and the FLSA Collective Members less than the New York minimum wage as set forth in N.Y. Lab. Law § 652 and supporting regulations of the New York State Department of Labor.

34. Defendants' failure to pay Plaintiff and the FLSA Collective Members the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

35. As a result of Defendants' willful and unlawful conduct, Plaintiff and the FLSA Collective Members are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## THIRD CLAIM FOR RELIEF
### New York Overtime Violations
### New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*,
### N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.4
**(Brought by Plaintiff on Behalf of Herself and the FLSA Collective Members)**

36. Plaintiff, on behalf of herself and the FLSA Collective Members, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

37. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

38. Throughout the Class period, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the FLSA Collective Members at the required overtime rate of one-and-one-half times the New York minimum wage for hours worked in excess of forty (40) hours per workweek.

39. As a result of Defendants' willful and unlawful conduct, Plaintiff and the FLSA Collective Members are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## FOURTH CLAIM FOR RELIEF
### New York Notice Requirements, N.Y. Lab. L. §§ 195, 198
### (Brought by Plaintiff on Behalf of Herself and the FLSA Collective Members)

40. Plaintiff, on behalf of herself and the FLSA Collective Members, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

41. Defendants did not provide Plaintiff and the FLSA Collective Members with the notices/wage statements required by N.Y. Lab. Law § 195.

42. As a result of Defendants' unlawful conduct, Plaintiff and the FLSA Collective Members are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. Law § 198.

## FIFTH CLAIM FOR RELIEF
### Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d

**(Brought by Plaintiff on Behalf of Herself and the FLSA Collective Members)**

43. Plaintiff, on behalf of herself and the FLSA Collective Members, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

44. Defendants retained gratuities paid by their customers and illegally required Class Members to share gratuities with managerial employees and non-service employees.

45. Plaintiff, on behalf of herself and the FLSA Collective Members, seeks damages in the amount of their respective withheld gratuities, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs and the FLSA Collective Members, prays for relief as follows:

A. An award of damages, according to proof, including back pay, front pay, punitive damages, and liquidated damages, to be paid by Defendants;

B. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

C. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

D. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

E.  Penalties available under applicable laws;

F.  Costs of action incurred herein, including expert fees;

G.  Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663, and other applicable statutes;

H.  Pre-judgment and post-judgment interest, as provided by law; and

I.  Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
March 5, 2018

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: _____
D. Maimon Kirschenbaum
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Named Plaintiff, and the proposed FLSA Collective Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.