JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph  
D. Maimon Kirschenbaum  
Denise Schulman  
Josef Nussbaum  
Lucas C. Buzzard

32 Broadway, Suite 601  
New York, NY 10004  
Phone (212) 688-5640  
Fax (212) 688-2548  
www.jk-llp.com

December 18, 2018

**VIA ECF**

Hon. Robert W. Lehrburger  
United States Magistrate Judge  
U. S. District Court for the Southern District of New York  
Daniel Patrick Moynihan U.S. Courthouse  
500 Pearl Street  
New York, NY 10007

     **Re:** *Kayalamar v. El Sayed Corp. d/b/a Horus Café, et al.,*  
        **Index No. 18-cv-1961**

Dear Judge Lehrburger:

  We represent Plaintiff Selma Kayalamar in the above-referenced matter. I write to respectfully request that the Court approve the parties' settlement of this Fair Labor Standards Act ("FLSA") case as fair and reasonable and so order the parties' stipulation of dismissal with prejudice. The parties' executed settlement agreement is submitted herewith as Exhibit 1, and the executed stipulation of dismissal is attached as Rider B to the settlement agreement.

  Plaintiff was employed by Defendants as a server at Horus Café for over two years, until February 2018. Her Complaint alleges wage and hour violations under the FLSA and the New York Labor Law ("NYLL"). Specifically, Plaintiff alleges that Defendants did not pay her an hourly wage at all but instead simply distributed to Plaintiff and other service employees a portion of the 18% service charge they collected from all customers. She further alleges that Defendants also did not distribute the entirety of the service charges they collected. Instead, they gave the waitstaff only a portion, retaining for themselves some 35-40% of the total service charges.

  On October 30, 2018, the parties appeared for a settlement conference before Your Honor. Following the settlement conference, both parties accepted Your Honor's mediator's proposal to resolve and settle the case. Consistent with that proposal, the parties agreed to settle this matter for a total of $88,750.00, to be paid by Defendants in six installments. Of the total $88,750.00 payout, $58,750.00 is allocated to Plaintiff, and the remaining amount ($30,000.00) is going to Plaintiff's counsel as attorneys' fees ($29,333.58) and for reimbursement of costs ($666.42). *See* Ex. 1 (Agreement) ¶ 1(a).

  The settlement is fair and reasonable and should be approved. *See generally Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). Although Plaintiff estimated her maximum possible damages at approximately $250,000, as discussed during the settlement conference, Plaintiff faced hurdles with respect to proving her hours worked and the amount of service charge

withheld.  In addition, Plaintiff has serious collectability concerns given that the owner of Horus Café is a foreign national who lives abroad.  *See, e.g.*, *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y 2013) ("Case law recognizes that potential difficulty in collecting damages militates in favor of finding a settlement reasonable.").  Given these concerns, Plaintiff's acceptance of Your Honor's proposal was fair and reasonable.

Further, the settlement was the product of extensive arms-length negotiations between the parties conducted with the benefit of Your Honor.  The settlement agreement itself does not contain any offensive confidentiality provisions, although it does contain a mutual non-disparagement provision under which both parties have agreed not to make any statement or take any action that "would or might reasonably be interpreted as harmful or disparaging" to the other.  Agreement ¶ 6.  Crucially, the mutual non-disparagement provision does not prevent either party from "truthfully communicating facts concerning the Action or the Settlement." *Id.*  Mutual non-disparagement provisions with such carve-outs for truthful statements regarding the litigation are routinely approved.  *See*, *e.g.*, *Mobley v. Five Gems Mgmt. Corp.*, No. 17-cv-9448 (KPF), 2018 U.S. Dist. LEXIS 1684343, at *11-12 (S.D.N.Y. Apr. 6, 2018).

Moreover, the agreement does not contain any impermissible releases.  Plaintiff has agreed to release Defendants only from wage-and-hour claims "arising out of the allegations set forth in the Action."  Agreement ¶ 2.  Such narrowly-tailored wage-and-hour releases are also routinely approved in this District.  *See, e.g.*, *White v. Banana Kelly Cmty. Improvement Assoc.*, No. 17-cv-8105 (HPB), 2018 U.S. Dist. LEXIS 195892, at *5-6 (S.D.N.Y. Nov. 16, 2018) (citing cases).

Finally, the settlement provides for reasonable attorneys' fees and costs to Plaintiff's counsel.  Under the settlement agreement, Plaintiff's counsel will receive $666.42 as reimbursement of costs,[1] and slightly less than one-third of the remainder of the total settlement – or $29,333.58 – as attorneys' fees.[2]  Under Plaintiff's contingency fee engagement agreement, Plaintiff's counsel is entitled to request out of the total recovery one-third in attorneys' fees and the recovery of costs.  "A contingency fee award is presumptively valid where the proposed fee amount is exactly one-third of the net settlement amount, which is an amount routinely approved under the percentage method in this District, particularly it is pursuant to a previously negotiated retainer agreement." *Babayeva v. Halstead Mgmt. Co., LLC*, No. 16-cv-3794 (RA), 2018 U.S. Dist. LEXIS 195229, at *10 (S.D.N.Y. Nov. 15, 2018) (quotation omitted); *accord Cionca v. Interactive Realty,* LLC, No. 15-cv-5123, 2016 U.S. Dist. LEXIS 77372, at *5 (S.D.N.Y. June 10, 2016); *Torres v. Gristede's Operating Corp.*, 519 F. App'x 1, 5 (2d Cir. 2013) (characterizing one-third as the "standard contingency-fee level[]" in FLSA case); *Zeng Xiang Hiang v. Ai Chu Chiang*, No. 16-cv-1129 (HBP), 2016 U.S. Dist. LEXIS 142670, at *7 (S.D.N.Y. Oct. 14, 2016) ("Contingency fees of one third in FLSA cases are routinely approved in this Circuit.") (citing cases). Accordingly, the proposed fee award of less than one-third of the after-costs settlement

---

[1] As may be seen from Plaintiff's expense records, Plaintiffs' counsel seeks reimbursement for the following costs: the $400 filing fee and $266.42 in expenses incurred in serving the complaint.  *See* Ex. 2.

[2] The calculations are as follows:   (1) $88,750 - $666.42 = $88,083.58;
                                        (2) $88,083.58 ÷ 3 = $29,361.19
                                        (3) Actual fees to Plaintiff's counsel = $29,333.58.

amount should be approved because it was consensual, agreed to by Plaintiff, and consistent with fee arrangements routinely approved in FLSA settlements in this Circuit.[3]

      For the foregoing reasons, Plaintiff respectfully requests that the Court approve the parties' settlement, so order the stipulation of dismissal, and retain jurisdiction to enforce the terms of the settlement agreement. We thank the Court for its attention to this matter.

                                                         Respectfully submitted,

                                                         *s/Lucas C. Buzzard*
                                                         Lucas C. Buzzard

cc: Defendants' counsel (via ECF).

---

[3] Should the Court require a "lodestar" crosscheck of the reasonableness of counsel's fees, the firm's contemporaneous billing records will be submitted to the Court immediately upon request.